## No. 27818

## W-Y Ground Water Management District v. Clarence Goeglein and Ralph Goeglein

(585 P.2d 910)

Decided August 28, 1978.

Kent J. Fennie, Loren L. Mall, for plaintiff-appellee.

Padley & Dudden, P.C., Richard A. Dudden, Peter E. Schoon, Jr., for defendants-appellants.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This case arises under the Colorado Ground Water Management Act, section 37-90-101 *et seq.,* C.R.S. 1973. The appellants, Clarence and Ralph Goeglein, own land for which a permit has been granted by the Colorado Ground Water Commission, authorizing the irrigation of 160 acres of appellants' land and granting an appropriation of up to 400 acre feet of water annually from the Northern High Plains Designated Ground Water Basin for this purpose.

On June 15, 1972, the appellants' predecessors in interest applied for a permit to construct a well and to apply water from it for irrigation purposes on a portion of their land. On June 21, 1972, the conditional permit for construction of the well was issued for irrigation of 160 acres in the northwest one-quarter of section thirteen, township two north, range forty-nine west of the sixth prinicpal meridian. This permit was subsequently assigned to the appellants.

The appellants completed the well and water was first appropriated from it and put to beneficial use on September 20, 1973. However, the water was *not* initially used for the northwest one-quarter as authorized by the conditional permit, but rather was used on the southwest one-quarter of section thirteen. Later, appellants also began irrigating land in the northwest one-quarter, and admittedly were irrigating in all a total of 230 acres.

The W-Y Ground Water District is a local district within the area of the Northern High Plains Designated Basin, organized pursuant to section 37-90-118 *et seq.,* C.R.S. 1973. When officials of the W-Y district learned that the appellants were irrigating land not designated in the permit, the district requested appellants to stop. The appellants refused.

The district board of directors held a hearing on July 29, 1975, at which one of appellants and his attorney appeared. The district board found that the appellants were in violation of Rule 10 of the district rules, which prohibits use of ground water on land and acreage other than that designated in the permit. During this hearing, the appellants made an oral request to be permitted to irritgate both the northwest and the southwest one-quarters. No specific ruling was made on this request. Two cease and desist orders were issued by the district to the appellants, but each time they failed to comply.

The district then filed an action in Washington County District Court to compel compliance with the cease and desist orders. The appellants stipulated that they have been irrigating more than 160 acres of land located both in the northwest one-quarter and the southwest one-quarter of section thirteen. After a trial to the court, an order was entered permanently enjoining the appellants from irrigating more than 160 acres of land. We affirm the judgment.

Appellants present three arguments for reversal: (1) Rule 10 is arbitrary and capricious in requiring that ground water be applied only to the land designated in the conditional permit; (2) the management district board abused its discretion in denying appellants' oral request to irrigate additional lands; and (3) enforcement of the rule against appellants constitutes retroactive legislation. We consider these issues in order.

I.

■ The first issue is essentially whether ground water may be applied to land other than that land designated in the conditional permit. We hold that section 27-90-107(1) of the Colorado Ground Water Management Act is dispositive of the issue. This section provides: "* * * The amount of water applied for shall only be utilized on the land designated on the application. The place of use shall not be changed without first obtaining authorization from the ground water commission."

■ Rule 10 is one of the many rules adopted by the local district pursuant to its power to make reasonable rules and regulations in

administering and enforcing the Ground Water Management Act. *See* section 37-90-130(2)(e), C.R.S. 1973. Rule 10 restates and implements section 37-90-107(1) by specifying that:

"The ground water user shall use the water to the beneficial use stated on his permit. The said water shall be used on the land shown on the conditional or final permit and not to exceed that acreage. Upon request to the Board, the user may be allowed to irrigate on other land, provided that it does not cause him to exceed his annual appropriation or historical acreage irrigated. The Board of Directors shall have the right by resolution to modify, amend, change or further limit and restrict the application of this Rule."

Rule 10 was designed to conserve ground water in the Northern High Plains Basin. We do not find it to be arbitrary or capricious, as contended by appellants. It is consistent with the purposes of the Colorado Ground Water Management Act, as restated in *Thompson v. Colorado Ground Water Commission,* 194 Colo. 489, 575 P.2d 372: "* * * [to] protect senior appropriators against unreasonable injury, foster the full economic development of designated ground water resources, and conserve designated ground water resources." To that extent we have no disagreement with the rule.

II.

Alternatively, the appellants argue that the district board of directors has abused its discretion in not permitting them to irrigate other land. Under section 37-90-107(1), a change of place of use of ground water must first be authorized by the ground water commission. *Larrick v. No. Kiowa,* 181 Colo. 395, 510 P.2d 323.

Appellants did not make an application to the ground water commission for a change in "place of use" and had not obtained authorization from the ground water commission for such a change before the commencement of the district board hearing on July 29, 1975, as required by the statute. It was only during closing arguments at the hearing concerning their misuse of the ground water that they made an oral request for a change in the place of use. The request was not only untimely but was misdirected. Before a management district board may approve a change of place of use, it must be shown that the ground water commission has authorized such a change. Thus, the matter was not properly before the district board and was not an issue to be decided by the district board. No ruling was made on the oral request and none was necessary in view of the inappropriate manner in which the matter was presented to the district board. We find no abuse of discretion in these circumstances.

We have been unable to find any statutory authority or delegation by the ground water commission to ground water management districts of the duty to approve or disapprove a change of place of use of ground water. To the extent that Rule 10 purports to vest in the district

board discretion to allow a change of place of use of ground water to land other than that described in the permit, without prior commission approval, we disapprove the rule.

We do not say, however, that appellants may not apply to the ground water commission for a change of place of use of the ground water appropriated under their permit, as provided by section 37-90-107(1), C.R.S. 1973. We point out, as indicated heretofore, that the statute vests the commission with discretion to grant, but does not mandate, a change of place of use.[1]

### III.

Finally, the appellants contend that the application of Rule 10 to them constitutes retroactive legislation in violation of the Due Process Clause. This argument is without merit.

The above-quoted language in section 37-90-107(1) was added to the Ground Water Management Act on April 16, 1971. Colo. Sess. Laws 1971, ch. 367, 148-18-6 at 1313. District Rule 10 was made effective on July 28, 1972, after adoption by the district. Although the appellants' permit to construct the irrigation well was obtained on June 21, 1972, the ground water was not appropriated and put to beneficial use until September 20, 1973. A conditional permit does not give the holder a perfected and indefeasible right to ground water. Rather, the ground water must be put to a beneficial use before a valid right to the water can arise. *See Peterson v. Ground Water Commission,* 195 Colo. 508, 579 P.2d 629; *Thompson v. Colorado Ground Water Commission,* 194 Colo. 489, 575 P.2d 372. In the present case, the appellants did not put the water to beneficial use until after the effective date of section 37-90-107(1) and Rule 10. Thus, the appellants are not victims of retroactive legislation.

The judgment is affirmed.

MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON do not participate.

---

[1] Although it might be appropriate in the interest of efficient administration of the Colorado Ground Water Management Act to vest in management districts discretion to allow a change of place of use of ground water from an irrigation well located within the district, we do not express any opinion as to the right of the ground water commission to delegate to ground water management districts the duty of approving or disapproving an application for a change of place of use.